UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DON EDWARD JOHNSON and
KEIKO JOHNSON,

No. 17-13247-j7

Debtors.

## MEMORANDUM OPINION

Debtors claimed an exemption under New Mexico's wage garnishment statute, N.M.S.A. 1978 § 35-12-7, in certain funds deposited pre-petition into their checking account at Wells Fargo Bank. The Chapter 7 Trustee and Xerox Corporation objected, asserting that the New Mexico garnishment statute is inapplicable for use by a debtor in bankruptcy to claim an exemption in otherwise non-exempt assets.[1] After considering the New Mexico statutes, the related New Mexico rules, and relevant case law, the Court concludes that the Debtors cannot rely on the New Mexico wage garnishment statute to claim an exemption in the funds deposited pre-petition into their checking account. The Court will, therefore, sustain the objections, and disallow Debtors' claimed exemption.

PROCEDURAL HISTORY

Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 29, 2017. *See* Docket No. 1. Debtors elected to claim exemptions under New Mexico law.[2] *See* Schedule C – Docket No. 1. Debtors initially claimed an exemption under N.M.S.A. 1978 § 35-

---

[1] *See* Trustee's Objection to Debtor's Claim of Exemption – Docket No. 39; Xerox Corporation's Objection to Debtors' Claims of Exemption – Docket No. 20.

[2] New Mexico allows debtors in bankruptcy to choose either state law exemptions available under applicable New Mexico law plus applicable non-bankruptcy federal law exemptions under 11 U.S.C. § 522(b)(3), or the bankruptcy exemptions enumerated in 11 U.S.C. § 522(d). *See In re Channon,* 424 B.R. 895, 899 (Bankr. D.N.M. 2010) (explaining that 1) exemptions in bankruptcy are governed by 11 U.S.C. § 522(1), (2), and (3), which permit individual debtors to claim exemptions under applicable non-bankruptcy state and federal law, or the bankruptcy exemptions available under 11 U.S.C. § 522(d), unless applicable state law prohibits a debtor from claiming the bankruptcy exemptions available under 11 U.S.C. § 522(d); and 2) New Mexico has not prohibited use of the bankruptcy exemptions).

12-7 in $3,000 on deposit in a Wells Fargo Bank checking account, $2.00 on deposit in a Wells Fargo Bank savings account, and $5.00 in a savings account at US Eagle Federal Credit Union. *Id.* Debtors claimed all other exemptions under N.M.S.A. 1978 §§ 42-10-1 through 42-10-13. The claim of exemptions under N.M.S.A. 1978 § 35-12-7 is predicated on the exempted funds being proceeds of the Debtors' wages. The Chapter 7 Trustee and Xerox Corporation objected to the Debtors' claim of exemptions. *See* Docket Nos. 19 and 20. The Court held a preliminary hearing on the objections to Debtors' claim of exemptions on May 1, 2018. At the hearing the Court directed the Debtors to amend their claim of exemptions based on counsel's representation that the schedules required an amendment to correct the amount of funds in the Wells Fargo Bank checking account as of the petition date. The Court took under advisement the issue of whether, as a matter of law, the Debtors can claim an exemption under the New Mexico garnishment statute, N.M.S.A. 1978 § 35-12-7.

Debtors amended their claim of exemption under N.M.S.A. 1978 § 35-12-7 to reduce the amount of the claimed exemption in the funds on deposit in their checking account at Wells Fargo Bank to $1,893.00. *See* Docket No. 35.[3] The Chapter 7 Trustee objected to the Debtors' amended claim of exemptions on the same grounds previously raised. *See* Docket No. 39. Debtors' amended claim of exemption also reflects a claimed exemption in $78.00 of the funds on deposit in their Wells Fargo Bank checking account under N.M.S.A. 1978 §§ 42-10-1, -2. *See* Docket No. 35.

The Court held a status conference on August 16, 2018 because there was no evidence before the Court that the source of the funds in the Wells Fargo Bank checking account in which the Debtors claim an exemption under N.M.S.A. 1978 § 35-12-7 are the proceeds of the Debtors'

---

[3] Debtors no longer claimed an exemption in the Wells Fargo savings account or the checking account at US Eagle Credit Union. *Id.*

-2-

Case 17-13247-j7    Doc 51    Filed 10/17/18    Entered 10/17/18 15:42:53 Page 2 of 14

wages. Following the status conference, the parties filed Stipulated Facts Regarding Objection to Debtors['] Claim of Exemption ("Stipulation"). *See* Docket No. 44. The Stipulation establishes that the total amount of the funds on deposit in the Wells Fargo Bank checking account on the petition date was $2,601.98. *Id.* Of that amount, $1,819.02 was attributable to wages, and $782.96 was attributable to non-wages. *Id.*

DISCUSSION

The objections raise the issue of whether the New Mexico garnishment statute[4] affords debtors in bankruptcy an exemption in wages already paid to the Debtors, in addition to the exemptions provided under New Mexico's general exemption statutes. The party objecting to a debtor's claim of exemption has the burden to establish that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). Because the Court finds that the exemption in wages under the New Mexico garnishment statute only applies to disposable earnings a debtor's employer still owes to a judgment debtor, the Court concludes that the New Mexico garnishment exemption is inapplicable to the funds in the Debtors' bank account in which the Debtors claimed an exemption under N.M.S.A. 1978 § 35-12-7. The claimed exemption will, therefore, be disallowed.

*The Split in the Case Law Regarding Whether a Debtor in Bankruptcy May Claim an Exemption under Applicable Garnishment Statutes*

Courts examining the question of whether a state law garnishment statute affords debtors in bankruptcy an exemption in wages have come to opposite conclusions. *Compare, e.g.*, *In re Urban,* 262 B.R. 865 (Bankr. D. Kan. 2001) (debtors could claim an exemption in bankruptcy

---

[4] *See* N.M.S.A. 1978 §§ 35-12-1 through 35-12-19. The New Mexico garnishment statute applies in the district court, magistrate court, and small claims court. *See* N.M.S.A. § 35-12-19 ("Sections 35-12-1 through 35-12-18 NMSA 1978 apply to the issuance of garnishment in the district court, magistrate court or small claims court").

-3-

under Kansas's wage garnishment statute), *In re Robinson,* 241 B.R. 447 (9th Cir. BAP 1999) (Oregon garnishment statute provides debtors in bankruptcy with an exemption in wages), *and In re Haraughty,* 403 B.R. 607 (Bankr. S.D. Ind. 2009) (Indiana wage garnishment statute afforded debtors a bankruptcy exemption in a portion of wages), *with, e.g.*, *In re Doughman*, 263 B.R. 905 (Bankr. D. Kan. 1999) (Kansas wage garnishment statute does not confer an exemption in bankruptcy), *In re Lawrence,* 219 B.R. 786 (E.D. Tenn. 1998) (Tennessee garnishment statute does not provide debtors with a general exemption for non-garnishable disposable earnings in bankruptcy), *and In re Thum*, 329 B.R. 848, 856 (Bankr. C.D. Ill. 2005) (Illinois statutes governing wage garnishment and wage assignments "do not give rise to a general exemption for wages earned but not yet paid to an employee and have no relevance to the exemptions that a debtor may claim in a bankruptcy case.").[5] To determine whether the New Mexico garnishment

---

[5] Courts have also come to opposite conclusions with respect to the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.* ("CCPA"), which contains a federal restriction on garnishment provision, 15 U.S.C. § 1673. *Compare, e.g.*, *In re Riendeau,* 293 B.R. 832 (D. Vt. 2002) (wage garnishment restriction in CCPA did not apply in bankruptcy), and *In re Lawrence*, 219 B.R. 786, 796 (E.D. Tenn. 1998) (relying on *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), which held that 15 U.S.C. § 1673 did not create a bankruptcy exemption in a debtor's tax refund, to conclude that the federal restriction on garnishment provision did not create a wage exemption applicable to bankruptcy cases), *with In re Jones,* 318 B.R. 841 (Bankr. S.D. Ohio 2005) (debtors in Ohio could rely on wage garnishment restriction under the CCPA, as incorporated by Ohio exemption statute, to claim a bankruptcy exemption in portion of earnings). The federal statute fixes a maximum allowable garnishment of twenty-five percent of the judgment debtor's weekly disposable earnings, or the amount the disposable earnings that exceeds thirty times the Federal minimum hourly wage, whichever is less. *See* 15 U.S.C. § 1673(a) ("[T]he maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, or (2) the mount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable, whichever is less."). The federal restriction on garnishment provision prohibits states from enforcing any order or process in violation of the federal statute. 15 U.S.C. § 1673(c) ("No court of the United States or any State, and no State (or officer or agency thereof), may make, execute or enforce may order or process in violation of this section."). Perhaps because of this restriction, several state wage garnishment exemption statutes are patterned on 15 U.S.C. § 1673. *See, e.g.*, *In re Foster,* 556 B.R. 233 (Bankr. E.D. Va. 2016) (Virginia wage exemption statute mirroring the language of 15 U.S.C. § 1673); *Urban,* 262 B.R. at 867 (Kansas wage exemption statute borrowed language from 15 U.S.C. § 1673).

statute applies to the Debtors' claimed exemption, the Court will examine the intent of the statute embodied in its plain language.

*The Garnishment Process in New Mexico*

To determine whether the wage garnishment exemption contained in the New Mexico garnishment statute applies to proceeds of wages on deposit in a bank account, the Court will first examine the garnishment process in New Mexico. A creditor may garnish the following: 1) a debt owed to a defendant that is not exempt from garnishment; or 2) personal property belonging to the defendant. N.M.S.A. 1978 § 35-12-1. Wages are a form of debt owed to a defendant.

To initiate a garnishment, a creditor serves a writ of garnishment on a third-party garnishee whom the creditor believes either 1) is indebted to the defendant; or 2) is in possession of property that belongs to the defendant. *See* N.M.S.A. 1978 § 35-12-2 (service on garnishee); NMRA, Rule 1-065.2(B) (service of writ of garnishment). Service of the writ of garnishment after entry of a judgment "has the effect of attaching all personal property, money, wages or salary in excess of the amount exempt under Section 35-12-7 1978 . . . in the garnishee's possession . . ." N.M.S.A. 1978 § 35-12-3(A).[6] Thus, with the sole exception of wages and salary exempt from garnishment, the writ attaches to all indebtedness of the garnishee to the defendant and to all property in the garnishee's possession or under its control. *Id*. The writ does not attach to wages and salary exempt from garnishment.

To garnish wages, a judgment creditor serves a writ of garnishment on the judgment debtor's employer, who becomes the garnishee. The garnishment exemption statute caps the

---

[6] Special procedures apply to prejudgment garnishments. *See* N.M.S.A. 1978 § 35-12-1(A). A prejudgment writ of garnishment does not attach to any wages or salary due the defendant from the garnishee. N.M.S.A. 1978 § 35-12-3(B).

amount of disposable earnings for any pay period that can be garnished. N.M.S.A. 1978 § 35-7-12.[7]

Because a writ of garnishment never attaches to wages and salary exempt from garnishment, a judgment debtor is not required to do anything to claim an exemption in wages under New Mexico's wage garnishment statute.[8] Instead, the "employer as a garnishee" is required to "pay to the defendant, when due, the amount of his wages or salary exempt from garnishment under Section 35-12-8 NMSA 1978." N.M.S.A. 1978 § 35-12-8. Thus, the exemption in wages provided in the New Mexico wage garnishment statute is applied automatically when the garnishee/employer determines, based on the maximum garnishable amount set forth in N.M.S.A. 1978 § 35-12-7, the exempt portion of wages to be paid to the judgment debtor after garnishment.

A garnishee who employs the judgment debtor continues to pay the judgment creditor the non-exempt portion of the debtor's wages until 1) the judgment is paid in full, or 2) the garnishee no longer employs the judgment debtor. *See* N.M.S.A. 1978 § 35-12-4(D) (if the garnishee employs the debtor, the judgment orders the garnishee to pay the creditor the non-exempt portion of the judgment debtor's wages until the judgment is satisfied, or the employment relationship is terminated, and the garnishee notifies the judgment creditor in writing that it no longer employs

---

[7] Other than for child support enforcement, which authorizes garnishment of 50% of a judgment debtor's disposable earnings, a creditor may garnish a maximum of 25% of the judgment debtor's disposable earnings for any pay period, unless the debtor earns an amount each week equal to or less than forty times the federal minimum hourly wage. N.M.S.A. 1978 § 35-12-7. The remainder of the judgment debtor's disposable earnings is exempt from garnishment. *Id*.

[8] New Mexico Rule of Civil Procedure 1-065.2 provides that a judgment debtor "shall receive an exemption from garnishment of wages to the extent provided by law" and "may claim a statutory exemption from garnishment other than wages by filing with the court a claim of exemption . . ." NMRA, Rule 1-065.2(G). The form Notice of Right to Claim Exemptions (Garnishment), which the garnishee sends to the judgment debtor upon service of a writ of garnishment, explains: "There are limits on how much of your wages may be taken. You do not need to file a claim of exemption form to protect your exempt wages." NMRA, Form 4-808.

the judgment debtor). If the judgment debtor files a voluntary petition under the Bankruptcy Code, the automatic stay imposed by 11 U.S.C. § 362 stops the garnishment. *See* 11 U.S.C. § 362 (with exceptions, the automatic stay imposed upon the filing of a bankruptcy petition stays enforcement of a pre-petition judgment against the debtor and stays any act to collect a pre-petition claim against the debtor).

*General Exemptions under New Mexico Law*

The New Mexico general exemption statute is set forth in N.M.S.A. 1978 §§ 42-10-1 to 42-10-13. That statute grants exemptions against certain real and personal property. Unlike the wage garnishment exemption, which is self-executing, any person desiring to claim an exemption under the general exemption statute must file a claim of exemption in the appropriate court. *See* N.M.S.A. 1978 § 42-10-13 ("Any person desiring to claim that property is exempt . . . shall file his claim of exemption . . . in the appropriate court . . ."). For writs of execution and writs of attachment issued by a state district court, the New Mexico Rules of Civil Procedure set forth a procedure for claiming the exemptions of personal property under N.M.S.A. 1978 §§ 42-10-1 to 42-10-7. *See* NMRA, Rule 1-065(J) and Rule 1-065.1(C). For writs of garnishment other than wage garnishments, NMRA, Rule 1-065.2(G) and (H) set forth a procedure whereby the judgment debtor must file a claim of exemption with the court and serve the claim of exemption on the judgment creditor and garnishee to preserve a claim of exemption. Failure to timely file and serve a claim of an exemption in personal property available under N.M.S.A. 1978 §§ 42-10-1 to 42-10-7 results in waiver of the exemption. *See* NMRA, Rule 1-065.2(I) ("If the judgment debtor fails to [timely] file a claim of exemption . . . the judgment debtor shall be deemed to have waived the right to claim a statutory exemption other than wages.").

*The Meaning of New Mexico's Wage Garnishment Exemption*

As with all questions of statutory construction under New Mexico law, interpretation of the wage exemption provisions of the New Mexico wage garnishment statute depends on the meaning of the language used and the intended purpose of the statute. *See Youth & Families Dep't v. Maurice H. (In re Grace H.),* 2014-NMSC-034, ¶ 34, 335 P.3d 746, 752) ("'Our principal goal in interpreting statutes is to give effect to the Legislature's intent.' To glean the Legislature's intent, the Court 'first turn[s] to the plain meaning of the words at issue.'") (quoting *Griego v. Oliver*, 2014-NMSC-003, ¶ 20, 316 P.3d 865). To discern the meaning of a statute, the Court first looks to the language of the statute itself; if the meaning is clear, the inquiry ordinarily is complete.[9]

A careful examination of the New Mexico garnishment statute leads to the conclusion that the wage garnishment exemption contained in the statute applies only to wages or salary due from the employer to the judgment debtor and does not apply to wages or salary once paid to the judgment debtor. Section 35-12-8 requires the "employer charged as garnishee" to "pay to the defendant, when due, the amount of his wages or salary exempt from garnishment under Section 35-12-7 NMSA 1978." N.M.S.A. 1978 § 35-12-8. This language indicates that the exemption applies only to wages due from the employer to the judgment debtor because it directs the

---

[9]*See F.D.I.C. v. Canfield*, 967 F.2d 443, 445 (10th Cir. 1992) ("As in any case of statutory interpretation, we begin with the plain language of the law . . . . Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.") (citations and internal quotation marks omitted); *In re Bushey*, 559 B.R. 766, 772 (Bankr. D. N.M. 2016) ("The starting point for interpreting a statute's meaning is the language of the statute itself.") (citations omitted); *Whitely v. N.M. State Pers. Bd.,* 1993-NMSC-019, ¶ 5, 850 P.2d 1011, 1014 ("In addressing issues of statutory interpretation, we must determine and effectuate the intent of the legislature . . . using the plain language of the statute as the primary indicator of legislative intent.") (citations omitted); *State v. Rivera,* 2004-NMSC-001, ¶ 10, 82 P.3d 939, 941 ("Under the plain meaning rule of statutory construction, '[w]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation.'") (quoting *State v. Jonathan,* 109 N.M. 789, 790, 791 P.2d 64, 65 (1990)).

garnishee to pay the exempt portion of the wages to the judgment debtor when the wages become due. The employer must calculate and pay the exempt amount of wages and salary due to its employee and withhold the nonexempt amount for the benefit of the judgment creditor. Because the plain statutory language limits the exempt portion of a judgment debtor's wages to a portion of the earnings the employer owes the judgment debtor, it follows that the garnishment exemption in wages does not apply to wages once paid to the judgment debtor.

The self-executing nature of the wage garnishment exemption also supports the conclusion that the exemption does not apply to the proceeds of wages on deposit in a bank account. Unlike exemptions claimed under the New Mexico general exemption statute, there is no mechanism in the garnishment statute for a garnishee who is not the debtor's employer to withhold any exempt proceeds of wages from the judgment creditor. The judgment debtor does not serve a wage garnishment claim of exemption on the judgment creditor or garnishee and does not file a claim of a garnishment exemption with a court.[10]

The statutory form of writ of garnishment, contained in N.M.S.A. 1978 § 35-12-18, further reinforces the conclusion that the garnishment exemption applies only to wages due from the employer to the judgment debtor. Section 35-12-18 provides that writs of garnishment must be in substantially the form set out in that section. As it relates to wages, the statutory writ of

---

[10] New Mexico Rule of Civil Procedure 1-065.2(G) provides that "[a] judgment debtor who is a natural person (1) shall receive an exemption from garnishment of wages to the extent provided by law; and (2) may claim a statutory exemption from garnishment other than wages by filing with the court a claim of exemption within ten (10) days after service by the garnishee of notice of the right to claim exemptions." NMRA, Rule 1-065.2(G). In addition, for a claim of exemption from garnishment other than wages, the judgment debtor must serve the claim of exemption on the judgment creditor and the garnishee. NMRA, Rule 1-065.2(H). The exemption in wages is effectuated automatically by operation of law under the New Mexico garnishment statute. *See* N.M.S.A. 1978 § 35-12-3(A) (effect on garnishee is to attach wages or salary in excess of the exempt amount); N.M.S.A. 1978 § 35-12-4(D) (the garnishment judgment will direct garnishee who employs the judgment debtor to pay the judgment creditor the non-exempt wages or salary of the judgment debtor).

garnishment form states that, if the writ was issued in aid of execution of judgment, it "attaches wages or salary *due from you to the defendant*" in excess of the amount exempt from garnishment under N.M.S.A. 1978 § 35-12-7(A). N.M.S.A. 1978 § 35-12-18 (emphasis added). The statutory form also prohibits the garnishee from paying the nonexempt amount to the judgment debtor. *Id.* As it relates to wages, the required statutory form of writ of garnishment is designed only for garnishing wages due from the employer to the judgment debtor and makes no sense if it were applied to garnish the proceeds of wages on deposit in a bank account.

Once wages or salary are paid and deposited into a debtor's bank account, a debtor must rely on the exemptions available under New Mexico's general exemption statutes to protect such funds. *See, e.g.*, N.M.S.A. 1978 § 42-10-1 (providing an exemption in personal property); N.M.S.A. 1978 § 42-10-10 (exemption in lieu of homestead). To claim an exemption under the general exemption statute set forth in N.M.S.A. 1978 §§ 42-10-1 to 42-10-13, the debtor files a claim of exemption, and the court adjudicates the validity of the claim if it is in dispute. *Cf. In re Portal*, 2002-NMSC-011, 45 P.3d 891 (construing the meaning of a New Mexico exemption statute).

If a writ of garnishment is served on a bank that is not the judgment debtor's employer, the bank does not owe any wages or salary to the judgment debtor. In that instance, neither the judgment creditor nor the bank must ascertain whether or to what extent funds on deposit in the judgment debtor's bank account are proceeds of wages or salary paid to the debtor. This is so because the New Mexico garnishment statute only requires a garnishee that is the judgment debtor's employer to withhold the nonexempt portion of the judgment debtor's wages as determined under N.M.S.A. 1978 § 35-12-7. *See* N.M.S.A. 1978 § 35-12-4(D).

Here, $1,918.02 of the funds in the Debtors' Wells Fargo bank account that the parties stipulate to be proceeds of wages are not subject to the wage garnishment exemption. The New Mexico garnishment statute is inapplicable to those funds because they are no longer wages the employer owes to the Debtors.

This approach is consistent with several other decisions which conclude that a state wage garnishment statute does apply in bankruptcy to protect wages once paid to the debtor and deposited into the debtor's bank account. *See, e.g., In re Adock*, 264 B.R. 708, 711 (D. Ka. 2000) (concluding that wage garnishment restrictions apply only to wages before they are paid to the debtor, and that the debtor could not claim an exemption in funds on deposit in debtor's checking account as of the petition date); *Thum*, 329 B.R. at 855 (observing that "[o]nce he deposits the wages into a bank account . . . the funds become fair game for creditors."); *In re Resler*, 282 B.R. 246, 248-49 (Bankr. D. Kan. 2002) (holding that pre-petition earnings deposited in the debtor's bank account prior to bankruptcy are not exempt under Kansas wage garnishment statute, reasoning that such funds on deposit in a debtor's account are subject to garnishment); *Doughman*, 263 B.R. at 908 (stating that the restrictions in the Kansas garnishment statute "apply only to wages before they are paid to the debtor.").[11]

Section 35-12-7(A) of the New Mexico garnishment statute is likewise inapplicable to the remaining $782.96 in the Wells Fargo Bank checking account, which the parties stipulate are *not* attributable to wages. Debtors may only rely on the personal property exemption under N.M.S.A.

---

[11] *But see Urban*, 262 B.R. at 870 (wages earned pre- or post-petition are protected under Kansas' wage garnishment exemption statute, provided the funds can be traced or are not comingled).

1978 § 42-10-1 to claim an exemption in funds on deposit in their bank account on the petition date.[12]

*The Policy of Protecting the Exempt Portion of a Debtor's Wages from Garnishment is Consistent with this Approach*

Construction of the New Mexico garnishment exemption in this manner is consistent with the New Mexico Supreme Court's policy of construing exemption statutes liberally "to promote the humane policy [of preventing] families from becoming destitute as the result of misfortune through common debts which generally are unforeseen." *Portal,* 2002-NMSC-011, ¶ 5, 45 P.3d at 892 (internal quotation marks and citations omitted). The New Mexico garnishment statute allows the judgment debtor to receive the exempt portion of his or her wages over the life of the garnishment action. *See* N.M.S.A. 1978 § 35-12-4(D) (the garnishee continues to pay the non-exempt portion of the debtor's wages to the judgment creditor and the exempt portion of the debtor's wages to the debtor until the judgment is satisfied or the employment relationship terminates).

However, wages deposited into a judgment debtor's bank account lose their character as wages for purposes of the New Mexico garnishment statute. As funds on deposit, they are only subject to the general property exemptions under New Mexico law.

Many judgment debtors whose wages are being garnished will not likely forfeit the remaining seventy-five percent of the exempt wages deposited into a bank account because a judgment creditor who wishes to garnish a debtor's bank account must serve a separate writ of garnishment on the bank. Unlike wage garnishments, garnishment of a judgment debtor's bank

---

[12] The Debtors' amended Schedule C reflects that the Debtors have claimed an exemption in $78.00 on deposit in the Wells Fargo Bank checking account under N.M.S.A. 1978 §§ 42-10-1, 2. *See* Docket No. 35.

-12-

Case 17-13247-j7    Doc 51    Filed 10/17/18    Entered 10/17/18 15:42:53 Page 12 of 14

account is not continuing. *See* N.M.S.A. 1978 § 35-12-3 (the effect of garnishment on the garnishee is to attach personal property of the judgment debtor that is in possession of the garnishee as of the time the writ is served, or that comes into the garnishee's possession or control between the time of service and the time the garnishee files its answer to the writ). As a practical matter, wages paid to a judgment debtor will be unavailable to satisfy a judgment if the debtor spends the wages deposited into his or her bank account before a judgment creditor serves a writ of garnishment on the judgment debtor's bank, or if the wages are deposited in the account after the garnishee files its answer to the writ of garnishment.

If a debtor in bankruptcy could rely on the New Mexico wage garnishment exemption to exempt proceeds of wages deposited into a bank account, it is possible that a debtor could exempt wages in an amount much greater than the New Mexico wage garnishment exemption statute is intended to protect: a debtor could use a bank account to accumulate funds over time, and then shelter the funds from creditors by claiming exempt 75% of the total amount on deposit, regardless of amount, provided the debtor could trace the proceeds of the funds on deposit in the bank account to wages. As noted by the Bankruptcy Court for the Central District of Illinois:

> In light of the purpose for wage garnishment caps, it is perfectly understandable that Illinois would protect a portion of unpaid wages from garnishing creditors, while affording no special protection to wages once paid. The purpose of the garnishment caps is to protect a wage earner living paycheck to paycheck from losing his entire earnings so that he is left destitute with no ability to pay necessary family living expenses. . . . Once he deposits the wages into a bank account, however, the funds become fair game for creditors. An insolvent person may not accumulate and shelter funds in a bank account simply because they derive from wages.

*Thum,* 329 B.R. at 855.

CONCLUSION

Based on the foregoing, the Court will sustain the Trustee's objection to the Debtor's claimed exemption and disallow the Debtor's exemption claimed under N.M.S.A. 1978 § 35-12-7. The Court will enter a separate order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: October 17, 2018

COPY TO:

Arun A. Melwani
Attorney for Debtors
MELWANI LAW P.C.
10749 Prospect Ave NE Ste F
Albuquerque, NM 87112-3281

Gerald G. Dixon
James Cassidy Wilkey
Attorneys for Xerox Corporation
PO Box 94147
Albuquerque, NM 87199-4147

Philip J. Montoya
Chapter 7 Trustee
1122 Central Ave SW Ste #3
Albuquerque, NM 87102